IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| THOMAS M. GILBERT ARCHITECTS, P.C., <br><br> Plaintiff, <br><br> v. <br><br> ACCENT BUILDERS AND DEVELOPERS, LLC, et al., <br><br> Defendants. | Civil Action Number 3:07CV699 |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Joint Motion for Partial Summary Judgment (Dkt. No. 9) and Motion for Leave to File an Amended Joint Answer (Dkt. No. 13). For the reasons expressed below, the Court shall GRANT the Defendants' Joint Motion for Partial Summary Judgment and DENY in part and GRANT in part Defendants' Motion for Leave to File an Amended Joint Answer. Specifically, the Defendants shall be allowed to add a prayer for attorneys' fees and costs, but not an affirmative defense of equitable estoppel.

**I.**

Plaintiff Thomas M. Gilbert Architects, P.C. ("Gilbert") is an architecture firm located in Richmond, Virginia. Defendants Accent Builders and Developers, LLC; Design Custom Builders, Inc.; and Michael Tummillo are involved in the development, construction, and sale of a townhome development project ("Mayland Townes Project") in Henrico County, Virginia. Gilbert authored plans for the project. Gilbert registered its plans with the United States Copyright Office on August 16, 2007. The Certificate of Registration lists July 17, 2003 as the date of first publication for the

plans. Gilbert filed suit on November 9, 2007 alleging that the Defendants infringed on its copyrights by copying and modifying its plans, distributing copies of the modified plans to subcontractors, and using the modified plans to construct townhouses in connection with the Mayland Townes Project. Gilbert seeks damages for copyright infringement, including statutory damages pursuant to 17 U.S.C. § 504(c), and attorneys' fees and costs, presumably under § 505.

Defendants filed a Joint Motion for Partial Summary Judgment and a Motion for Leave to File an Amended Joint Answer. Each motion is discussed in turn.

## II.

### A.

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-25 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. The Court must view the facts and the inferences drawn therefrom in the light most favorable to the non-moving party. Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1004 (4th Cir. 1987). While viewing the facts in such a manner, courts examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits to determine whether a triable issue exists. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

But, the Court "may not make credibility determinations or weigh the evidence." Edell & Associates, P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 435 (4th Cir. 2001). "That is, [we] should give credence to the evidence favoring the non-movant as well as that evidence

supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." Id. at 436. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50 (2000)).

**B.**

Under the Federal Copyright Act, 17 U.S.C. §§ 101, et seq., a copyright owner may seek two types of monetary damages: (1) actual damages and infringement profits or (2) statutory damages. 17 U.S.C. § 504(c)(1); see also Bouchat v. Bon-Ton Dep't Stores, Inc., 506 F.3d 315, 329 (4th Cir. 2007). Specifically, § 504(c)(1) provides

> an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

Statutory damages, however, are not available to every copyright owner. Pursuant to 17 U.S.C. § 412(2), "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration." Section 412's underlying purpose is to "motivate speedy registration" because "registration promotes orderly resolution of copyright disputes because it creates a permanent record of the protected work, putting the world on constructive notice of the copyright owner's claim." Bouchat, 506 F.3d at 329. For the purposes of § 412, infringement commences "when the first act in a series of acts constituting continuing infringement occurs." Id. at 330 (explaining that "it would be peculiar if not inaccurate to use the word 'commenced' to describe a single act rather than the first in a group of acts"); see also Johnson v. Univ. of Va., 606 F. Supp. 321, 325 (D.C. Va. 1985) (rejecting plaintiff's argument that his claim for statutory damages and attorney's fees is not barred by § 412 because defendants have committed acts of

infringement following registration).

In the instant case, Defendants argue that because it is undisputed that the first act of the alleged infringement was on or before May 7, 2006 and Gilbert's copyrights were not registered until August 16, 2007, Gilbert is barred from seeking statutory damages and attorney's fees. Although Gilbert initially opposed the Defendants' motion, Gilbert now concedes that it is barred from seeking statutory damages and attorney's fees. Thus, the Court finds that because Defendants' alleged infringement commenced prior to Gilbert's registration of its patents, § 412 bars Gilbert from seeking statutory damages and attorney's fees.

### III.

Pursuant to Fed. R. Civ. P. 15(a), motions to amend should be freely granted. Delay alone is generally insufficient. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). Instead, "delay must be accompanied by prejudice, bad faith, or futility." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986); accord Laber, 438 F.3d at 427. The further a case has progressed the more likely it is that an amendment will prejudice the non-moving party or that a court will find bad faith on the part of the movant. Laber, 438 F.3d at 427. Here, Defendants seek leave to amend their answer to add a prayer for costs and attorney's fees and an affirmative defense of estoppel.

### A.

Defendants request leave to amend their Joint Answer to include a prayer for costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, which permits the Court to award attorneys' fees to the prevailing party in a copyright infringement action. Defendants argue that because Gilbert seeks to recover its attorneys' fees and costs under § 505, it has been aware all along that the Defendants are entitled to recover their costs and fees if they prevail at trial. Additionally,

Defendants point out that it noted in its initial disclosures: "Defendants' expenses incurred in the defense of this action are ongoing." (Defs.' Mem. Supp. Mot. Leave, Ex. B at 3.) Thus, Defendants contend that Gilbert will not be prejudiced by Defendants' prayer for costs and attorneys' fees. Gilbert rejoins that the Defendants claim for attorneys' fees and costs would be futile because such fees will not be warranted as Gilbert is only acting to protecting his copyright.

In Johnson, the Fourth Circuit observed that "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." 785 F.2d at 510. At this stage, it is not obvious that Defendants' request for attorney's fees would be futile. Further, Gilbert will not be prejudiced by the addition of this prayer because it has been on notice that § 505 permits attorney's fees and costs to the prevailing party as Gilbert itself has requested attorney's fees and costs under the statute and because Defendants noted its ongoing expenses in its initial disclosures.

**B.**

Next, Defendants move to add an affirmative defense of estoppel, contending that its estoppel defense arises out of the same facts as their defense of an implied nonexclusive license, which was included in the Joint Answer. Gilbert, on the other hand, contends that the elements of estoppel and implied license are distinct and the addition of an estoppel defense after the close of discovery and shortly before trial would be both prejudicial and futile.

"[A]n implied nonexclusive license for use of an otherwise copyright protected work is created when (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee copy and distribute his work." Nelson-Salabes, Inc. v. Morningside

Development, LLC, 284 F.3d 505, 514 (4th Cir. 2002) (internal quotation marks omitted). An implied license does not transfer the ownership of a copyright; instead, it "simply permits the use of a copyrighted work in a particular manner." Id. In contrast, to avail oneself of an estoppel defense, it must be shown: (1) that the plaintiff had actual or constructive knowledge of the truth of a matter; (2) that he misrepresented or concealed material facts to the defendant; (3) that he intended or expected the defendant to rely upon those misrepresentations or concealments; (4) that the defendant did so act; and (5) that his reliance was both reasonable and detrimental. See Elmore v. Cone Mills Corp., 187 F.3d 442, 446-47 (4th Cir.1999) (citations omitted); Serv. & Training, Inc. v. Data Gen. Corp., 963 F.2d 680, 689 (4th Cir.1992) (citation omitted).

Here, Defendants contend that the same facts give rise to both defenses. Gilbert asserts that none of the elements of estoppel have been explored in discovery and that it has "no idea of what material facts Gilbert would be alleged to have concealed, what possible evidence there might be that Gilbert intended the Defendants to act in any particular way, or of what alternative and true facts Gilbert was supposed to have knowledge." (Pl.'s Mem. Opp'n Defs.' Mot. Amend at 4.) Accordingly, Gilbert argues that it would be prejudicial to permit Defendants to add an affirmative defense of estoppel at this stage - approximately a month from trial and after the close of discovery.

The Court agrees with Gilbert. Because an estoppel defense raises a new legal theory and because Defendants filed their motion after the close of discovery and shortly before trial, the Court finds that the addition of an estoppel defense at this stage would be prejudicial to Gilbert. See Johnson, 785 F.2d at 510 ("It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment

is offered shortly before or during trial.").

## IV.

For the aforementioned reasons, the Court shall GRANT the Defendants' Motion for Partial Summary Judgment barring Gilbert from seeking statutory damages and attorneys' fees and costs. Further, the Court shall GRANT in part and DENY in part Defendants' Motion for Leave to Amend Joint Answer, permitting a prayer for attorney's fees and costs, but barring the addition of an affirmative defense of estoppel.

An appropriate Order shall issue.

>           /s/
> James R. Spencer
> Chief United States District Judge

Entered this   4th   day of June 2008